The document below is hereby signed.

Signed: January 19, 2014



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
EXZELL NICKS,                  )   Case No. 13-00588
                               )   (Chapter 13)
        Debtor.                )   Not for publication in
                               )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE *DEBTOR'S
OBJECTION TO PROOF OF CLAIM NO. 2 AND MOTION
TO STRIKE CLAIM NO. 2 AND BAR CLAIMANT FROM AMENDING ITS CLAIM*

The *Debtor's Objection to Proof of Claim Number 2 and Motion to Strike Claim Number 2 and Bar Claimant from Amending Its Claim* (Dkt. No. 68) appears to raise two objections to the claim of Evergreen Urban, LLC (Claim No. 2 on the claims register):

(1) The attorney's fees owed Evergreen's predecessor in interest, Dunphy Properties, Inc., as of a November 16, 2012 *Loan Modification Agreement* were waived and included the $60,220 that Dunphy Properties' attorney stated in an *Affirmation* dated August 16, 2012, were owed as of that date.

(2) The proof of claim is for $107,542.00 but it includes a list of amounts owed that result in a "$104,542

Total Note Balance," with no indication of the additional $3,000 claimed to be owed.

I

The debtor's spouse and co-owner sued Dunphy Properties and Gerard Dunphy in a civil action in the Superior Court of the District of Columbia (Case Number 2011 CA 6057). It was in that civil action that Dunphy Properties' attorney filed his *Affirmation* dated August 16, 2012. On November 6, 2012, the parties filed a praecipe stating in relevant part:

> The Clerk . . . will please mark the case as settled, under the following terms and conditions:
> (1) The Complaint and Counterclaim are dismissed with prejudice.
> (2) **Plaintiff and Defendants waive all claims to attorney's fees connected to the Complaint or Counterclaim.**
> (3) Ms. Hopkins and Dunphy Properties Inc. will, within five business days of today, execute **a loan modification, clarifying and providing that Ms. Hopkins's current balance on her Note is $30,000** (thirty thousand), and that she owes zero interest, and that the balance is due in full in 45 calendar days from the date of the modification, and that upon default (if full payment is not made in 45 days), interest will accrue, from the date of default, at a rate of 6 percent (six percent) per annum, **and all other fees in the Note or Deed of Trust are eliminated**.
> . . .
> (5) Upon default, Defendants will be entitled to issue and file with the D.C. Recorder of Deeds a 30-day Notice of Foreclosure, entitling them to foreclose in thirty or more days from the date of that Notice.

[Emphasis added.]

On November 16, 2012, Dunphy Properties, Inc., and the debtor's spouse executed the *Loan Modification Agreement*, which

provided:

> 1. The total amount of unpaid principal balance, as of the date of this Loan Modification Agreement, is $30,000.
> 2. **There is no interest due, and there are no other fees due, as of the date of this Loan Modification Agreement**.
> 3. **All fees described in the Note and Deed of Trust, other than interest, are eliminated**.
> 4. The Interest Rate is changed to read 0 percent per annum, and the Interest Rate will remain 0 percent for 45 days following the date of this Loan Modification Agreement - i.e., until the Maturity Date.
> 5. As a result, there will be no interest incurred until the Maturity Date.
> 6. The Maturity Date, when all unpaid principal is due in full, is 45 days from the date of this Loan Modification Agreement.
> 7. The interest rate upon default, i.e. at the Maturity Date, 45 days from the date of this Loan Modification Agreement, shall be 6 percent per annum.
> 8. **Upon payment of the principal balance and any interest due, Lender shall cause the Substitute Trustees to release unto Borrower the Property** by executing and filing a Deed of Release (D.C. Recorder of Deeds Form 29) in the Land Records of the District of Columbia.
> 9. Lender shall execute any other documents, including those providing the payoff amount to other prospective lenders, reasonably required by Borrower to obtain refinancing of this Note.
> ALL OTHER TERMS OF THE PROMISSORY NOTE AND DEED OF TRUST TO REMAIN IN FULL FORCE AND EFFECT

[Emphasis added.]

Later, in 2013, Dunphy Properties, Inc. assigned the note and deed of trust to Evergreen. When Evergreen attempted to foreclose, the debtor's spouse filed an earlier bankruptcy case in this court, Case No. 13-00335. The debtor's spouse obtained a voluntary dismissal of that case, and the debtor later commenced the instant case.

II

Dunphy Properties incurred at least $60,220 of attorney's fees by August 16, 2012, well prior to the execution of the *Loan Modification Agreement*. Evergreen does not dispute that those $60,220 of fees are part of the $64,120 of "Prior Attorney's fees" that are included as part of its $107,542.00 proof of claim.

Instead, with respect to the objection to that $60,220 and any other attorney's fees that were incurred prior to the execution of the *Loan Modification Agreement*, Evergreen argues that:

> (1) "Ms. Hopkins failed to make the $30,000 payment that was supposed to be made in consideration for the dismissal of the litigation." Oppos. ¶ 5.
>
> (2) The deed of trust provides for a recovery of "costs and expenses incurred in respect thereto, including reasonable counsel fees incurred" and thus attorney's fees were part of costs incurred, not part of the fees incurred and eliminated by the *Loan Modification Agreement* (which did not make reference to the attorney's fees itemized in the August 16, 2012 Affirmation).[1] Oppos. ¶¶ 11 and 19. In addition, the earlier *Praecipe* is not a binding agreement

---

[1] The note and the deed of trust are found at Dkt. No. 20, Exhibit A. The debtor has not contended that the deed of trust did not provide for a recovery of attorney's fees.

4

because it was "a vehicle for dismissal of the case" and "was not intended to set forth the specific terms of the settlement."  Oppos. ¶ 3.

    (3) "Mr. Gerard Dunphy, of Dunphy Properties Inc, has affirmed that it was not his intention that the language of the Loan Modification to exclude any other costs or expenses, including attorneys fees.  Exhibit F."  Oppos. ¶ 32.

These arguments fail.

First, the *Loan Modification Agreement* did not condition the waiver of attorney's fees on the payment of the $30,000 by the maturity date.

Second, attorney's fees incurred before execution of the *Loan Modification Agreement* were plainly waived:

- Interest is specifically excepted from the elimination, in paragraph 2 of the *Loan Modification Agreement,* of "fees described in the Note and Deed of Trust."  If interest comes within the meaning of "fees" in that paragraph then surely attorney's fees come within the meaning of "fees" in that paragraph and, in contrast to interest, *were* eliminated.

- Paragraph 8 of the *Loan Modification Agreement* made clear that upon payment of the principal balance (fixed at $30,000 as of the date of execution of the *Loan*

5

*Modification Agreement*) and of any interest due, the property would be released to the debtor.  No mention is made of paying any costs, expenses, or fees in order for the property to be released to the debtor.

- The earlier *Praecipe* provided at paragraph 2 that both parties "waive all claims to attorney's fees connected to the Complaint or Counterclaim."  If the *Loan Modification Agreement* were construed as Evergreen urges, that would be entirely inconsistent with the *Praecipe*.  The *Praecipe* itself is binding as to the waiver of "attorney's fees connected to the Complaint or Counterclaim."  It may not have included all of the eventual terms of the *Loan Modification Agreement*, but it is not inconsistent with the *Loan Modification Agreement* and clearly sets forth an agreement of the parties regarding the waiver of "attorney's fees connected to the Complaint or Counterclaim."

Third, the *Affirmation of Gerard Dunphy* states that "[i]t was not my intent to waive attorneys fees or other costs or expenses incurred subsequent to the execution of the Modification.  It was only my intent to waive the fees referenced in the Complaint."[2]  Oppos. Ex. F.  It does not state that

---

[2] The *Affirmation* is not signed, but I will treat it as a proffer of evidence that Evergreen would present.

6

attorney's fees incurred prior to the execution of the *Loan Modification Agreement* were not waived.

Accordingly, I sustain the debtor's objection that such fees incurred prior to the execution of the *Loan Modification Agreement* were waived.

Beyond the $60,220, another $3,900 was included in the $64,120 of "Prior Attorney's fees" listed on the proof of claim's itemization of a "Total Note Balance" of $104,542.00. It is not possible to tell on the papers filed whether all of that $3,900 was incurred prior to the execution of the *Loan Modification Agreement*. Evergreen has not indicated when that $3,900 portion was incurred, and its silence in that regard suggests that the $3,900 was incurred prior to the execution of the *Loan Modification Agreement*, but I will give it the opportunity to show to the contrary.

III

Evergreen explains that the extra $3,000 included in its $107,542.00 proof of claim (but not itemized in the calculation of the $104,542.00 "Total Note Balance") were for additional attorney's fees incurred in the debtor's spouse's bankruptcy case commenced in 2013, Case No. 13-00335. However, no amended proof of claim has been filed to include that itemization of the extra $3,000. The failure to include an itemization of that $3,000 results in the claim not being in compliance with Fed. R. Bankr.

P. 3001(c)(2), and that in turn results in the claim not being prima facie correct under Fed. R. Bankr. P. 3001(f), but it is not a basis for disallowing the claim. Evergreen will bear the burden of going forward with evidence at the hearing on the objection to show that the $3,000.00 was incurred and is owed.

IV

Evergreen contends that the *Loan Modification Agreement* did not waive fees incurred after execution of the *Loan Modification Agreement*. However, the debtor's objection to attorney's fees was limited to the fees incurred prior to the execution of the *Loan Modification Agreement*, and he did not object to auctioneer's fees of $1,113.00 and attorney's fees of $7,500 itemized on the proof of claim as being incurred in April and May 2013 with respect to Evergreen's first attempted foreclosure.

The debtor did object to the $3,000 amount not itemized on the proof of claim, and has not had an opportunity to object to that $3,000 on other grounds now that the $3,000 has been belatedly identified as attorney's fees incurred in the prior bankruptcy case. The debtor can designate for inclusion in any scheduling order any additional objections he has to the $3,000.

V

On the basis that Evergreen was making a clearly inappropriate claim for attorney's fees that were eliminated by the *Loan Modification Agreement*, the debtor requests that the

8

court strike Evergreen's claim and bar Evergreen from amending its claim.  That is an inappropriate request and it will be denied.  Obviously some amount is owed to Evergreen.

## VI

The opposition to the debtor's filing requests a dismissal of this case on the basis that a plan would be infeasible.  Such a motion ought not have been included in an opposition to another motion, and should have been pursued in accordance with LBR 9013-1.

## VII

I will hold a scheduling conference regarding discovery and setting a hearing to determine:

>   (1) what portion of the remaining $3,900 of "Prior Attorney's fees" were incurred prior to the execution of the *Loan Modification Agreement*; and

>   (2) whether the additional $3,000 claimed is owed.[3]

## VIII

In accordance with the foregoing, it is

ORDERED that $60,220 of the proof of claim of Evergreen Urban, LLC (Claim No. 2 on the claims register) is DISALLOWED.  It is further

---

[3] The parties may arrange with the courtroom deputy clerk to appear telephonically at the scheduling conference, and may submit a proposed scheduling order that might eliminate the need for a scheduling conference.

ORDERED that the debtor's *Motion to Strike Claim Number 2 and Bar Claimant from Amending Its Claim* (part of Dkt. No. 68) is DENIED.  It is further

ORDERED that the request contained in Evergreen's opposition (Dkt. No. 90) for dismissal of this case is DENIED without prejudice as pursued in a procedurally improper fashion.  It is further

ORDERED that a scheduling conference will be held on January 30, 2014, at 2:00 p.m. regarding the portion of the *Debtor's Objection to Proof of Claim No. 2* (part of Dkt. No. 68) not disposed of by this order.

[Signed and dated above.]

Copies to: Recipients of e-notification.