The document below is hereby signed.

Signed: April 22, 2014



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| EXZELL NICKS, | ) | Case No. 13-00588 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER RE MOTION TO AMEND CLAIM</u>

Before the court is the *Motion to Amend Claim to Include Attorney's Fees Incurred Pursuant to the Deed of Trust* (Dkt. No. 102) filed by Evergreen Urban LLC (Evergreen).

I

This court has already adjudicated a portion of the debtor's objection to Evergreen's proof of claim. The relevant background on this dispute follows.

On December 10, 2013, the debtor filed an objection (Dkt. No. 68) to the proof of claim of Evergreen in the amount of $107,542 (Claim No. 2 on the court's Claims Register). Included in this amount was $64,120 for "Prior Attorney's fees." The Court issued a *Memorandum Decision* (Dkt. No. 93) which disallowed $60,220 of Evergreen's claim. The court determined that

attorney's fees incurred prior to the execution of the *Loan Modification Agreement* on November 16, 2012 were plainly waived by that *Loan Modification Agreement* as well as by the parties' settlement agreement, which was set forth in a praecipe filed in the Superior Court case.  That $60,220 amount was for Evergreen's attorney's fees that were incurred before November 16, 2012.

As to the additional $3,900 claimed as prior attorney's fees, the court found that it was not possible to tell when that $3,900 portion was incurred, and therefore the court stated that Evergreen would have an opportunity to show when it was incurred.

In addition, Evergreen's proof of claim was for a total amount of $107,542, but the "Total Note Balance" as calculated by Evergreen in an attachment to its proof of claim amounted to $104,542.  There was no indication as to where the extra $3,000 came from.  The court determined that no amended proof of claim had been filed to include itemization of that extra $3,000 and that Evergreen bears the burden of providing evidence to show that the $3,000 was incurred and is owed.

II

In response to the Memorandum Decision, Evergreen filed the pending *Motion to Amend Claim* ("*Motion*").  The *Motion* states:

> Evergreen . . . hereby moves to amend its claim to include attorneys [sic] fees incurred as a result of the breach of the settlement agreement between the parties and the two bankruptcies.  The undersigned added $3000 of these attorneys fees to the Claim filed in this case. However, the undersigned inadvertently neglected to

2

> attach a detailed submission of such fees and is now so
> doing.  Further, additional fees have been incurred since
> the filing of the original claim, and those fees have
> been added.

Mtn. to Amend at 1.  The *Motion* requests leave to amend its claim

to assert a claim of $59,243.00.  In support of the $59,243.00

figure, the *Motion* attaches an affirmation signed under penalty

of perjury by the attorney, Thomas C. Willcox, which includes an

exhibit showing the attorney's fees incurred after execution of

the *Loan Modification Agreement*.  The affirmation also lists fees

for the second foreclosure ($7,500) and the filing fee for the

Motion to Lift Stay ($176).  Willcox Aff. at 2.  The Willcox

*Affirmation* sets forth a calculation of the "Total Amended

Claim":

| | |
|---|---:|
| Original Claim | $104,432.00 |
| Deduct pre-Modification Fees | -$64,120.00 |
| 4-29-13 Askew Graves Fee | $7,500.00 |
| Willcox post Modification Fees | $11,255.00 |
| Motion Fee 11-18-13 | $176.00 |
| | $59,243.00 |

Although the *Motion* fails to specifically address the $3,900

that the court flagged as an issue in its *Memorandum Decision*,

Willcox's calculation (set forth in the table above) does address

the $3,900 in prior attorney's fees.  Because the calculation

deducts the full amount of "Prior Attorney's fees" ($64,120) from

the balance of the original proof of claim, Evergreen concedes

that the additional $3,900 of "Prior Attorney's fees" in the original claim was waived.

Turning to the additional $3,000 that was not accounted for in the proof of claim, Willcox states in his *Affirmation* that the total amount of the proposed $59,243.00 amended claim was calculated "by deducting the $3,000 in unspecified fees and the Pre-Modification Fees from the Claim, and adding fees for the undersigned [Willcox] and the filing fee for the Motion to Lift Stay ($176)." Willcox Aff. at 2. In other words, Evergreen concedes that the $3,000 is part of the $11,255 for "Willcox post Modification Fees" listed in the calculation table.

Evergreen originally claimed an amount of $107,542, and when $3,000 is deducted from that, the remaining balance to use as a starting point before making other adjustments is $104,542. However, the calculation table (set forth above) lists the starting point, after making the $3,000 deduction (and before making other adjustments), as $104,432 (which is $110 less than a starting point of $104,542). Because use of the lower $104,432 figure (listed as "Original Claim" in the table) as a starting point favors the debtor, I will not require an explanation of the $110 discrepancy: Evergreen may have reduced the original claim for reasons other than just the $3,000 deduction.

Adding to the confusion of this *Motion* is the fact that in his *Affirmation*, Willcox states that "the time spent totals

4

$10,505, [and] a detailed statement of the this time is attached," but in the calculation table and in the attached statement of time, the amount of additional attorney's fees is listed as $11,255. *Compare* Willcox Aff. at 2 *with* Mtn. to Amend at page 10 of 12. Because the *Motion* seeks to amend the proof of claim to assert a claim of $59,243.00, consistent with the calculation table's use of the $11,255 figure, and consistent with the list of attorney time, I will treat the *Motion* as seeking to assert an amended proof of claim that includes $11,255 in post-Modification attorney's fees.

Tying up all of these loose ends from this unnecessarily perplexing *Motion*, it appears that Evergreen (1) concedes that the entire $64,120 in attorney's fees-including the unspecified $3,900-was incurred before the *Loan Modification Agreement* and is thus waived; (2) contends that the additional $3,000 is for post-Modification attorney's fees and is included in the $11,255 claimed in this new *Motion* as post-Modification attorney's fees; and (3) argues that the $11,255 in post-Modification attorney's fees was not waived by the *Loan Modification Agreement* or the settlement agreement between the parties.

### III

The debtor has objected to the *Motion to Amend*, arguing that Evergreen was not entitled to amend its claim to seek further fees, but was only supposed to address the $3,000 and $3,900

issues.  The debtor claims that the original proof of claim and
the proposed modification are both "defective and materially
fraudulent" because Evergreen is seeking additional attorney's
fees and not confining his *Motion* to the issues raised by the
court's *Memorandum Decision*.  The debtor also argues that there
is no contract between Evergreen and the debtor indicating that
Evergreen is entitled to attorney's fees.  In addition, the
debtor asserts that any attorney's fees Evergreen has a right to
claim are unreasonable "given the totality of circumstances
surrounding this case, the fact that the Creditor's predecessor
WAIVED its claim for prior attorney's fees, and given the fact
that the fees appear to grown [sic] inexplicably."  Debtor's Obj.
at 4 (emphasis in original).

Evergreen replies that the Deed of Trust expressly provides
for the payment of reasonable attorney's fees and that the *Loan
Modification Agreement* does not waive attorney's fees incurred
subsequent to the execution of the *Loan Modification Agreement*.
Evergreen also argues that the debtor is not prejudiced by
allowing the claim to be amended to add additional attorney's
fees.

Accordingly, the issues now before the court are:

- whether Evergreen is entitled to amend its proof of
  claim to add additional fees;

- whether the *Loan Modification Agreement* and the

parties' settlement agreement waived attorney's fees

incurred subsequent to the execution of the *Loan*

*Modification Agreement*; and

- finally, if Evergreen is entitled to post-Modification

    attorney's fees, whether the fees Willcox charged are

    reasonable.

### A.

As stated, illustratively, in *In re Spurling*, 391 B.R. 783,

786 (Bankr. E.D. Tenn. 2008):

> While there is an established deadline for filing proofs
> of claim in bankruptcy cases, neither the Bankruptcy Code
> nor any provision of the Federal Rules of Bankruptcy
> Procedure specifies a deadline for filing an amendment to
> a timely filed proof of claim. In the absence of any
> specific rules concerning the amendment of proofs of
> claim, the courts have often looked to Fed.R.Civ.P. 15(c)
> for guidance. [Citations omitted.]  Rule 15(c) provides
> that an amendment will relate back to the filing of the
> original pleading if "the claim ... asserted in the
> amended pleading arose out of the conduct, transaction,
> or occurrence set forth or attempted to be set forth in
> the original pleading."

The amended claim arises out of the same transaction as the

original proof of claim, namely, the promissory note and the deed

of trust that conferred rights on Evergreen.  Accordingly, if the

Rule 15(c) test set forth in *In re Spurling* is applied, the

amendment should be allowed.

It is appropriate to apply that test here: there is no undue

prejudice to the debtor as the court has not yet issued a final

ruling on the amount of the claim.  The court has discretion in

7

the midst of litigation, brought to fix the amount of a claim, to permit a party to present additional evidence in support of its claim to show that a larger amount is owed for the transaction at issue.  Contrary to the debtor's contention, the court is not barred from permitting amendment of the claim by reason of the court having previously indicated that what was left to address were the $3,000 and $3,900 issues.  If, indeed, the additional amounts set forth in the calculation table are owed, and arose out of the same transaction, barring Evergreen from asserting a claim for those additional amounts would confer a windfall on the debtor.  Although the debtor is prejudiced in the sense that the debtor would be better off if the amendment were not allowed, that does not amount to unfair prejudice such as to warrant rejecting use of the Rule 15(c) test and denying leave to amend.

B.

As to the issue of whether the *Loan Modification Agreement* and the parties' settlement agreement waived attorney's fees incurred subsequent to the execution of the *Loan Modification Agreement*, the court will address that issue once the parties present whatever admissible evidence (if any) they want to present on that issue.[1]  Similarly, if Evergreen wins on that

---

[1]  It may be that the parties' admissible evidence will be limited to the *Loan Modification Agreement* and the parties' settlement agreement, but I will decide whether additional evidence is admissible at the hearing.

8

issue, a hearing will be necessary to determine the
reasonableness of the fees it claims.

IV

Evergreen will be granted leave within 14 days after entry
of this order to file an amended proof of claim as sought by its
*Motion*.  The debtor effectively has already objected to that
forthcoming amended proof of claim, and I will not require the
debtor to file a new objection once the amended proof of claim is
filed.  Accordingly, I will set a trial to address the existing
objections to the forthcoming amended proof of claim.  However,
all that is currently before the court is the *Motion to Amend*,
not a filed amended proof of claim, and so the debtor might not
have set forth all objections it might have to the forthcoming
amended proof of claim.  Accordingly, the debtor will be allowed
to file any additional objection it may have to the forthcoming
amended proof of claim.

V

In light of the foregoing, it is

ORDERED that Evergreen is granted leave to file an amended
proof of claim within 14 days after entry of this *Memorandum
Decision and Order*.  It is further

ORDERED that upon the filing of that amended proof of claim,
the clerk shall docket it on the claims register and post a link
on the claims register to this *Memorandum Decision and Order* and

9

to the opposition (Dkt. No. 105) to the *Motion to Amend*, and note (on the claims register) in so doing that the *Memorandum Decision and Order* treat the opposition as an objection to the amended proof of claim.  It is further

ORDERED that the debtor may file any supplemental objection to the forthcoming amended proof of claim within 28 days after entry of this *Memorandum Decision and Order*.  It is further

ORDERED that if the debtor files a supplemental objection, the time for response is shortened to 14 days after filing of an such supplemental objection.  It is further

ORDERED that a trial of the objections to the forthcoming amended claim, namely, the objections contained in the opposition (Dkt. No. 105) to the *Motion to Amend*, and any timely filed supplemental objection, will be held on **June 23, 2014 at 10:30 a.m.**, unless on motion of a party or the parties the court treats that date and time as a scheduling conference to address discovery issues and so forth.  It is further

ORDERED that by **June 9, 2014,** the parties shall (1) number their exhibits (in accordance with their list of exhibits) using exhibit stickers, <u>on each of which shall be placed the case number</u>, with the debtor using <u>numbers</u> and Evergreen using <u>letters</u>; and (2) furnish copies to the opposing parties.  <u>Before or at the commencement of the trial</u>, each party shall submit to the clerk of the court (or to the courtroom clerk at the trial):

(1) <u>two</u> <u>copies</u> of the party's schedule of witnesses and exhibit list substantially in conformance with the Local Official Form attached below; and

(2) <u>two</u> <u>copies</u> of the party's exhibits.[2]

It is further

ORDERED that pursuant to Fed. R. Civ. P. 26(a)(3), by **June 18, 2014**, an opposing party may serve and file a list disclosing any objection, together with the grounds therefor, that may be made to the admissibility of exhibits listed by another party. By **June 18, 2014**, the parties may serve and file any objections to witnesses. <u>Objections to evidence not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown</u>.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

---

[2]   The two copies are <u>in addition to</u> the party's original copy of the exhibit, and are intended for the judge and his law clerk to examine and mark up when a witness is examined regarding the original of the exhibit.

**LOCAL OFFICIAL FORM**

LOCAL OFFICIAL FORM NO. 8

_____'S WITNESS AND EXHIBIT RECORD

| Date | Case or Adv. Pro. No. | Operator* | Page Number |
|------|-----------------------|-----------|-------------|
| **Name of Witness** | **Brief Description of Testimony to be Elicited** | **Estimated Time to Elicit Testimony** | **Date Called*** |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*For Court Use

Page ____

| Exhibit Number | Description | ID* | Date Admitted* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*For Court Use